UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BETSY P. ELGAR,

          Plaintiff,

   v.

TINA HARDWICK, et al.,

          Defendants.

CASE NO. C12-6003 BHS

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

This matter comes before the Court on Plaintiff Betsy Elgar's ("Elgar") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

On November 21, 2012, Elgar filed the motion and the complaint stating that Defendants stole all of her money. Dkt. 1–4 (brief description of claim). Upon review of the complaint and attached material, it appears that Elgar is requesting personal reimbursement for the government's disbursement of funds under the Trouble Asset Relief Program ("TARP"). Elgar seeks $622 billion in assets disbursed to some 6000 retail stores.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963). "A district court

1 | may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of
2 | the proposed complaint that the action is frivolous or without merit." *Tripati v. First*
3 | *Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).
4 |      A federal court may dismiss the complaint *sua sponte* pursuant to Fed. R. Civ. P.
5 | 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be
6 | granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial
7 | court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a
8 | dismissal may be made without notice where the claimant cannot possibly win relief.").
9 | *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little
10 | doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*,
11 | even in absence of an express statutory provision). A complaint is frivolous when it has
12 | no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
13 | 1984).
14 |      In this case, Elgar's complaint is frivolous because there is no arguable basis in
15 | law or fact for the proposition that a taxpayer can personally request reimbursement for
16 | the disbursement of funds under TARP. Therefore, the Court denies Elgar's motion to
17 | proceed *in forma pauperis* and *sua sponte* dismisses her complaint.
18 | **IT IS SO ORDERED.**
19 | Dated this 3rd day of December, 2012.

                                  BENJAMIN H. SETTLE
                                  United States District Judge